```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

GUILLERMO RAMIREZ,

        Plaintiff,

v.                                Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

        Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant's Motion in Limine #1 to Preclude Evidence of or References to Other Benlate Claims, Including Verdicts, Settlements, or Court Rulings (Doc. # 85), which was filed on August 17, 2010. Plaintiff filed a response in opposition to the Motion on August 27, 2010. (Doc. # 102). For the reasons that follow, the Motion will be granted.

**Analysis**

Defendant seeks an order barring Plaintiff, his counsel, or his witnesses (including his expert witness) from introducing or making reference to (1) the existence of other Benlate 50DF (hereafter, "Benlate") claims; (2) any lawsuits, verdicts, court findings or orders concerning Defendant's litigation conduct (or misconduct) or settlements of those claims; and (3) any media reports concerning other Benlate

claims.

Defendant argues that "other than the fact that they all involve the same product, Benlate, those other claims, other lawsuits, other settlements, and court orders in other cases have absolutely nothing to do with this case." (Doc. # 85).

Defendant candidly notes that it has received "thousands" of Benlate claims across the country and submits that "allowing the jury in this case to hear about such collateral matters would serve only to confuse and distract the jury from the facts germane to Plaintiff's claims and unfairly prejudice the jury against DuPont." (Doc. # 85 at 2).

The Court generally determines that Plaintiff should be barred, pursuant to Federal Rule of Evidence 403, from mentioning: (1) other Benlate claims (including settlements of those claims); (2) how such claims were addressed by other courts; and (3) the media's depiction of such claims and court proceedings.  For instance, it would be greatly harmful to Defendant if Plaintiff read portions of certain orders in Hawaii cases imposing multi-million dollar sanctions against DuPont for abusive litigation tactics in other Benlate cases. The Court would never allow Plaintiff to introduce such inflammatory and damaging evidence.  However, further analysis of each category of evidence is required in the interests of

2

fairness.

## A. Other Benlate Claims

Plaintiff seeks admission of evidence of other Benlate claims pursuant to the "substantial similarity" doctrine as espoused in Jones v. Otis Elevator Co., 861 F.2d 655, 661 (11th Cir. 1988) and further described in Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 649 (11th Cir. 1990), to prove that Defendant generally had notice that the Benlate in question was defective and caused crop damage. In Jones, the court determined, "evidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." 861 F.2d at 661.

In Hessen, the plaintiff alleged that a fuel leak in his Jaguar car lead to a fire and resulting damages. The trial court allowed the plaintiff to introduce evidence of other claims against Jaguar concerning fuel leaks. In allowing such evidence, the court recognized, "because of the potential prejudicial impact of prior occurrences or accidents, such evidence is only admissible if conditions substantially similar to the occurrence caused the prior accidents, and the prior incidents were not too remote in time." 915 F.2d at 649.

3

A plaintiff seeking to introduce other claims evidence must proffer, outside the jury's presence, that the conditions substantially similar to the occurrence in question caused the other accidents and that the other accidents are not too remote in time.  Plaintiff has not met this burden at this juncture.  He has not addressed the remoteness issue, and he discusses only crop damage (not his condition of having cancer).  The Court notes that Plaintiff has already been compensated for his crop damage, and that the present trial concerns his cancer, not his crop damage.

Defendant, on the other hand, has presented persuasive arguments against admitting evidence of other Benlate claims under the substantial similarity doctrine:

> Plaintiff claims his use of Banlate allegedly caused kidney cancer and a brain tumor, while other personal injury claimants have alleged that Benlate caused birth defects.  In addition, the timing, level, and method of exposure to Benlate are not the same.  Different claimants applied different Benlate formulations at different times, used different Benlate application methods, used different types of protective equipment (if any), applied different Benlate concentrations with different frequency, and mixed Benlate with different chemicals as required by the unique circumstances of their farm.  Furthermore, the medical circumstances of the claimants are not the same, such as different preexisting medical conditions and different periods between exposure and diagnosis.

(Doc. # 85 at 5).

4

For the reasons stated above, the Court determines that it is not appropriate to apply the substantial similarity doctrine to allow admission of other claims.

Since the Court has determined that Plaintiff is prohibited from introducing facts about other Benlate claims, evidence concerning any settlement of those claims should also be prohibited.

**B.   Benlate Lawsuits**

Defendant also seeks exclusion of the existence of other Benlate lawsuits, including related court orders. The Court will not admit evidence of other Benlate lawsuits or court orders in other Benlate cases. These orders, if admitted into evidence, would have an extremely prejudicial impact on Defendant, especially orders sanctioning Defendant for serious litigation misconduct. If such orders were presented to the jury, the jury could possibly reach a verdict against DuPont on the basis of such strongly worded and condemning orders, alone, without reference to the facts of the case.[1] Exclusion

---

[1] The Court agrees with the persuasive opinion of Johnson v. Colt Indus. Operating Corp., 797 F.2d 1530, 1534 (10th Cir. 1986): "[W]e believe that the admission of a judicial opinion as substantive evidence presents obvious dangers. The most significant possible problem . . . is that the jury might be confused as to the proper weight to give such evidence. It is possible that a jury might be confused into believing that the opinion's findings are somehow biding in the case at bar. Put

5

of these orders is warranted under Rule 403 of the Federal Rules of Evidence.

Plaintiff also asserts that Defendant should be estopped (due to collateral estoppel and res judicata) from arguing that "there is nothing wrong with Benlate", due to certain orders finding that Benlate is a defective product, particularly orders issued from Hawaii courts.[2]

In I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1549 (11th Cir. 1986), the court explained:

> Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit.  There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

793 F.2d 1549.

---

most extremely, the jury might assume that the opinion is entitled to as much weight as the trial court's instructions since both emanate from courts."

[2] The Court summarily rejects Plaintiff's res judicata argument because Plaintiff was not a party in the other Benlate cases.  However, the Court will give some consideration to Plaintiff's collateral estoppel argument.

At first blush, it appears that there could be some merit to Plaintiff's collateral estoppel argument, at least concerning Benlate's effect on plants, because Plaintiff has provided the Court with at least one court order finding that Benlate caused damage to crops. However, the Eleventh Circuit has explicitly barred the application of the doctrine of collateral estoppel in products liability cases, such as the case at bar. See Deviner v. Electrolux Motor, AB, 844 F.2d 769 (11th Cir. 1988)("The doctrine of collateral estoppel developed in patent cases and is useful in preventing the relitigation of questions once thoroughly canvassed and determined, such as the validity of a patent. It should not be extended indiscriminately to tort cases where the factual circumstances in each case differ and no hard and fast legal standard has emerged from the developing case law.") Thus, the Court will not employ the doctrine of collateral estoppel in this case.

**C.  Media Coverage**

In addition, the Court determines that media materials, such as newspaper articles, are generally inadmissible because they constitute blatant hearsay. However, depending on the evidence proffered (which is not presently before the Court), Plaintiff may argue that certain hearsay exceptions apply.

7

The Court will entertain these arguments as necessary during the trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #1 to Preclude Evidence of or References to Other Benlate Claims, Including Verdicts, Settlements, or Court Rulings (Doc. # 85) is **GRANTED as stated above.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record