UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO RAMIREZ,

    Plaintiff,

v.                              Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant's Motion in Limine #2 to Preclude Evidence of Compromise (Doc. # 86), which was filed on August 17, 2010. Plaintiff filed a Response in Opposition (Doc. # 103) on August 27, 2010. For the reasons that follow the Court will grant the Motion.

**Analysis**

There are three signed Releases on file, which Defendant requests the Court exclude pursuant to Rule 408 of the Federal Rules of Evidence. In addition, during his deposition, Plaintiff testified about a meeting with a DuPont representative which resulted in Plaintiff receiving compensation for crop damages from DuPont. Defendant also seeks an order barring Plaintiff from describing his meeting with DuPont's representative, also pursuant to Rule 408.

Federal Rule of Evidence 408 provides:

    (a) Prohibited uses. Evidence of the following is
    not admissible on behalf of any party, when offered
    to prove liability for, invalidity of, or amount of

> a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408.

Defendant characterizes the Releases as classic "compromise evidence," subject to exclusion on the basis of Rule 408. Plaintiff, on the other hand, argues, "the claim before the Court, a personal injury claim, is different than the prior settled plant claim of Ramirez with DuPont. This makes the release[s] admissible. Ramirez will seek to introduce the three releases he and his partner executed when DuPont paid them for the loss of their plants after using contaminated Benlate. The Releases are not offers to compromise, but final settlement documents, unlike the offers to compromise or negotiations precluded under Rule 408." (Doc.

2

# 103 at 2).

The Court excludes the releases under Rule 408. Each Release states that DuPont expressly denies liability and/or does not admit liability. Thus, from the face of the Releases, the Court concludes that DuPont contested the validity of Plaintiff's claims, but "furnish[ed] . . . a valuable consideration in compromising or attempting to compromise the claim." Rule 408, Fed.R.Evid.

It does not matter that this is a personal injury case, and the Releases were provided in the context of Plaintiff's crop damage claims. Plaintiff clearly intends to use the releases to show that DuPont damaged his crops, the exact subject matter of the compromise in the Releases. Therefore, the application of Rule 408 is required to bar introduction of the Releases.

The same analysis applies to settlement discussions between Plaintiff and DuPont representative Luis Rodriguez. Plaintiff testified during his deposition that Mr. Rodriguez stated that he "wanted to settle" and made other statements aimed at compensating Plaintiff for crop damage. Aside from hearsay concerns, the Court determines that Mr. Rodriguez's statements are shrouded by the protections of Rule 408. Mr. Rodriguez, on behalf of Defendant, offered or promised to

furnish valuable consideration in attempting to compromise Plaintiff's claim.

The Advisory Committee's Notes to Rule 408 explain that the primary purpose of the rule is the promotion of the public policy favoring the compromise and settlement of disputes. The Eleventh Circuit provides that "the test for whether statements fall under this rule is 'whether the statements or conduct were intended to be a part of the negotiations toward compromise.'" Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 642 (11th Cir. 1990).

Upon due consideration, the Court finds that the Releases and settlement discussions with DuPont's representative fall squarely within the ambit of Rule 408.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #2 to Preclude Evidence of Compromise (Doc. # 86) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record