UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO RAMIREZ,

    Plaintiff,

v.                                  Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

    Defendant.
_____/

## ORDER

This matter is before the Court pursuant to Defendant's Motion in Limine #7 to Preclude Evidence of Medical Diagnoses and Treatment Following Close of Discovery (Doc. # 91), to which Plaintiff has filed a Response in Opposition (Doc. # 106). For the reasons that follow the Court will deny the Motion.

## Analysis

Plaintiff filed his complaint on February 20, 2009. (Doc. # 3). Therein, Plaintiff states, "In 2007, Ramirez was diagnosed with kidney cancer, and in 2008, was diagnosed with brain cancer." (Doc. # 3 at ¶ 5). Since Plaintiff filed the complaint, and after the passage of the discovery deadline of April 1, 2010, Plaintiff expressed to Defendant that his cancer has spread to his pancreas. Defendant seeks an order barring Plaintiff from introducing evidence concerning his medical diagnoses and treatment after the passage of the April 1, 2010, discovery deadline.

Defendant argues that "this new evidence should be excluded because DuPont did not have an opportunity to conduct discovery regarding this information before the close of discovery." (Doc. # 91 at 2). In support of this proposition, Defendant relies upon Hudgins v. Vermmer Mfg. Co., 240 F.R.D. 682 (E.D. Ok. 2007)(excluding personal injury plaintiff's additional categories of damages where the disclosure was made after the discovery deadline).

The Court finds the non-binding Hudgins case inapposite and unpersuasive. In the Hudgins case, after the close of discovery, the plaintiff retained a "life care" expert, who filed a late report doubling the amount of future medical expenses and listing new categories of damages, including: "support care, computer/office adaptive devices, adaptive clothing, travel expenses, and exercise equipment." 240 F.R.D. at 684. The trial court barred the new "life care" evidence under Rule 26 of the Federal Rules of Civil Procedure, holding:

> This case was filed in July 2006 from injuries the Plaintiff received in July 2004. Plaintiffs chose this forum in which to bring their cause of action, and should have made themselves excruciatingly familiar with both the Federal and Local Civil Rules which would guide this action. Plaintiffs' counsel has had ample opportunity to prepare their case in chief within the parameters of the Scheduling Order entered months ago. They made a deliberate choice to not retain a life care expert

2

>until the eleventh hour. Defendant should not be prejudiced by Plaintiffs' poor choices.

Hudgins, 240 F.R.D. at 685.

Plaintiff's continuing medical treatment, including a diagnosis of pancreatic cancer, cannot be linked to a "poor choice" or a discovery violation. In this case, additional medical diagnoses and treatment, beyond the discovery deadline, appear to be completely out of Plaintiff's hands. If, in fact, his cancer has spread from his kidney and brain to his pancreas, it is certainly not a tactical maneuver. Unlike the plaintiff in Hudgins who could have obtained a life care expert in a timely manner to substantiate different categories of damages claimed after the close of discovery, Mr. Ramirez is presently suffering from a medical condition over which he has little or no control.

Had Defendant demonstrated that Plaintiff (1) had pancreatic cancer before the close of discovery; (2) was aware of such pancreatic cancer; and (3) deliberately failed to disclose such cancer until after the discovery deadline in an effort to ambush Defendant at trial, the Court would give more credence to Defendant's arguments.

Accordingly, and in the interests of fairness, the Court denies the Motion.

3

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #7 to Preclude Evidence of Medical Diagnoses and Treatment Following Close of Discovery (Doc. # 91) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

4