```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

GUILLERMO RAMIREZ,

       Plaintiff,
v.                                Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

       Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant's Motion in Limine #5 to Preclude Evidence of or Reference to Subsequent Remedial Measures (Doc. # 89), to which Plaintiff has filed a Response in Opposition (Doc. # 110). For the reasons that follow the Court will grant the Motion.

**Analysis**

Among other things, Plaintiff alleges in his February 20, 2010, complaint that he used Defendant's product, Benlate in 1990-1991, and he later developed cancer that was "more likely than not caused by Atrazine in the Benlate used by Ramirez." (Doc. # 3 at ¶ 4-5).

Defendant seeks an order barring Plaintiff from introducing evidence "concerning a number of actions taken by DuPont concerning Benlate, including DuPont's 1995 decision to withdraw the registration of the formulation Benlate 50 DF and DuPont's 2001 announcement that it will discontinue manufacturing benomyl, the active ingredient in Benlate, and

that it will phase out sales of Benlate in all its forms." (Doc. # 89 at 2).

Defendant's above referenced decisions are all subsequent remedial measures, as described in Federal Rule of Evidence 407. Rule 407 states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Strong social policy supports the Court's application of Rule 407 to the facts of this case: "[T]he common sense explanation for the rule is simply that people who take post-accident safety measures are doing exactly what good citizens should do. In these circumstances, so long as the relevance of the activity is not great, courts do not wish to sanction procedures which appear to punish praiseworthy behavior." Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1569 (11th Cir. 1991)(internal citations omitted).

DuPont decided to pull Benlate from the shelves approximately five years after Plaintiff's 1991 use of Benlate. This is a classic example of a subsequent remedial

2

measure, and the cases cited by Plaintiff do not justify overriding Rule 407, and the strong social policy it represents.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #5 to Preclude Evidence of or Reference to Subsequent Remedial Measures (Doc. # 89) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

3