```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

GUILLERMO RAMIREZ,

       Plaintiff,

v.                                 Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

       Defendant.
_____/

**ORDER**

      This matter is before the Court pursuant to Defendant's Motion in Limine #3 to Preclude Unqualified and Unreliable Opinions that Benlate or any Impurities in Benlate Harmed Plants (Doc. # 87), to which Plaintiff has filed a Response in Opposition (Doc. # 104). For the reasons that follow the Court will deny the Motion.

**Analysis**

      Defendant seeks an order precluding Plaintiff, his counsel, or any of Plaintiff's witnesses from stating that Benlate or any impurity in Benlate harmed Plaintiff's plants. Defendant asserts, "The Court must preclude any such statement because it will not be based on any competent evidence. No qualified witness, such as a plant pathologist, will offer the opinion at trial that Benlate allegedly harmed plants." (Doc. # 87 at 2). Defendant further insists that any such statement

will be unscientific speculation and must be prohibited. (Id.)

Plaintiff counters that Mr. Ramirez "is a life-long farmer with all of the "special knowledge, skill, experience, training, education or a reliable methodology" that any person would need to testify as to causation of the strawberry plant damage, deformity, and destruction, by Benlate DF." (Doc. # 104 at 1).

This Court agrees that Plaintiff should be able to offer lay testimony about the facts particular to his crops, when he used Benlate, the effect it had on his crops as he perceived it, and other factual incidents that he experienced first-hand.  However, it appears that Plaintiff is also positing that Mr. Ramirez is an expert witness, pursuant to Rule 702.

The testimony of an expert "may be assigned talismanic significance in the eyes of lay jurors" and thus, the Court must exercise its gate-keeping function carefully to make certain that expert opinions are reliable. United States v. Frazier, 387 F.3d 1244, 1263 (11th Cir. 2004).  In the instance that Mr. Ramirez seeks to offer expert testimony, the Court will require him to lay a proper predicate for such testimony pursuant to Daubert and other controlling law.  At this point, Plaintiff has not proffered his testimony. Accordingly, assessment of the same is not possible at this

2

juncture.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #3 to Preclude Unqualified and Unreliable Opinions that Benlate or any Impurities in Benlate Harmed Plants (Doc. # 87) is **DENIED as stated in this Motion.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record