UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO RAMIREZ,

        Plaintiff,

v.                                        Case No. 8:09-cv-321-T-33TBM

E.I. DUPONT DE NEMOURS AND
COMPANY,

        Defendant.
_____/

## ORDER

    This matter is before the Court pursuant to Defendant's
Motion in Limine #4 to Preclude Inadmissible Hearsay (Doc. #
88).  Plaintiff filed a Response in Opposition (Doc. # 111).
For the reasons that follow, the Motion will be denied without
prejudice.

## Analysis

    Defendant seeks an order barring Plaintiff, his counsel,
and his witnesses from referencing inadmissible hearsay.  The
Court notes that it is capable of deciding hearsay issues
during the trial and that a motion in limine predicated upon
the exclusion of hearsay seems a bit tedious at this juncture,
especially in light of the numerous pretrial motions filed by
Defendant in this case.  Nevertheless, the Court will give
consideration to this motion, as warranted.

    Defendant seeks exclusion of (1) statements by non-

testifying witnesses, specifically treating physicians, (2) results, findings, and conclusions regarding testing of Benlate at labs in Mexico City, Mexico and Tampa, Florida, and (3) computer research performed by Plaintiff.

The Court determines that it is most appropriate to address these issues during the trial. The evidence in question is not before the Court, and arguments concerning hearsay exceptions should be considered before the Court categorically determines that an item of evidence should be excluded as hearsay.

However, the Court will take this opportunity to mention that experts may rely on inadmissible facts and data, including hearsay, to formulate their opinions. Rule 703 of the Federal Rules of Evidence provides in pertinent part:

> If of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

The Court will assess hearsay considerations during the trial of this case, and accordingly, denies the motion to exclude hearsay evidence without prejudice. Defendant is free

to re-raise the arguments asserted in this Motion during trial, as appropriate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine #4 to Preclude Inadmissible Hearsay (Doc. # 88) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record